IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

O

| | | |
|---|---|---|
| STEVEN BECKVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-03-3061 |
| HOME DEPOT U.S.A., INC., | § | |
| THE HOME DEPOT, INC., and | § | |
| THE HOME DEPOT, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

     Pending is Defendants Home Depot U.S.A., Inc.'s and The Home Depot, Inc.'s Motion for Summary Judgment (Document No. 43).[1] After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows:

I.  Background

     Plaintiff Steven Beckvar ("Beckvar") alleges that Defendants Home Depot U.S.A., Inc. ("Home Depot") and The Home Depot, Inc. violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by failing to promote him because of his sex, and by terminating his employment in retaliation for his reporting

---

[1] Defendant "The Home Depot," which is evidently a trade name, was previously dismissed from this action.  *See* Document No. 12.

the sex discrimination to his supervisor. Beckvar seeks damages, costs, and attorney's fees.[2]

Beckvar was employed by Home Depot in March, 1992, as a sales associate for its paint department. Several months later, Home Depot promoted Beckvar to department head of the paint department in its store at Sugarland, Texas. Home Depot promoted Beckvar again in 1995, this time to Assistant Store Manager at a different location. In 1998, Home Depot promoted Beckvar a third time, to Store Manager.

Beckvar alleges that although he made known to his supervisor a desire for further promotion to District Manager and was qualified for the position, he was passed over for that promotion in June, 2002. Home Depot chose for District Manager Sheila Jennings ("Jennings"), a female Store Manager who, Beckvar alleges, was less qualified than he. That same month, Beckvar allegedly talked to his District Manager, Ricky DeZayas ("DeZayas"), about Jennings's promotion. According to Beckvar, after DeZayas had engaged in a performance review with him (Beckvar), he informed DeZayas that he knew a District Manager position had become available, and asked why he had not been selected for an interview. Home Depot had interviewed at least two women for the District

---

[2] Home Depot argues, and it is uncontroverted, that only Defendant Home Depot U.S.A., Inc. was Beckvar's employer. Accordingly, Beckvar's Title VII claims against Defendant The Home Depot, Inc. will be dismissed.

Manager position, and even the one who was not selected, Vicki Stankevitz ("Stankevitz"), was later promoted to a different position.  Beckvar alleges that he "told Mr. DeZayas that he was being discriminated against because of his gender," and that DeZayas responded by claiming that he (DeZayas) did not conduct the interviews and had nothing to do with the process.  *See* Document No. 1 ¶ 6.

Several weeks after the performance review with DeZayas, Home Depot terminated Beckvar's employment, purportedly for violations of Home Depot's policy regarding certain markdowns made by Beckvar for a former Home Depot employee in late 2001 and in 2002.  Beckvar alleges that prior to his termination, he had not been made aware that he had violated any Home Depot policy, and that DeZayas was not able to show him the policy that was allegedly violated.  Following his termination, Beckvar filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  After receiving his Notice of Right to Sue, he filed the instant action against Home Depot for sex discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981a.  Home Depot presently moves for summary judgment on all of Beckvar's claims.

## II.  Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to inter-rogatories, and admissions on file, together with the affidavits,

3

if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing

4

Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Discussion

A. Sex Discrimination

Title VII proscribes an employer from discharging or otherwise discriminating against any individual because of that individual's sex. 42 U.S.C. § 2000e-2(a)(1).[3] The Title VII inquiry is "whether the defendant intentionally discriminated against the plaintiff." Roberson v. Alltel Info. Servs., 373 F.3d 647, 651 (5th Cir. 2004). Intentional discrimination can be established

---

[3] Although Home Depot treats Beckvar's complaint as further asserting claims under 42 U.S.C. § 1981, the complaint does not actually cite that provision, but rather 42 U.S.C. § 1981a. "Section 1981a does not create a new substantive right or cause of action. Rather . . . it merely provides an additional remedy for 'unlawful intentional discrimination . . . prohibited under . . . 42 U.S.C. § 2000e-2 or 2000e-3.'" Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) (quoting 42 U.S.C. § 1981a(a)(1)). Indeed, § 1981a(a)(1) provides that "in cases where liability under § 1981 is *unavailable* under title VII, defendants can be made liable for the same damages as would be available under § 1981--namely, compensatory and punitive damages." Id.; *see also* Bobo v. ITT, Cont'l Baking Co., 662 F.2d 340, 344-45 (5th Cir. 1981) (explaining that sex discrimination is not cognizable under § 1981). Beckvar relies solely on Title VII for his cause of action.

through either direct or circumstantial evidence.  Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 219 (5th Cir. 2001).  Because Beckvar presents no direct evidence of discrimination, his claim must be analyzed using the framework set forth in McDonnell Douglas Corp. v. Green, 93 S. Ct. 1817 (1973).  Id.[4]  Under this framework, a plaintiff must first create a presumption of intentional discrimination by establishing, by a preponderance of the evidence, a prima facie case of discrimination.  Id.

The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.  Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2106 (2000).  The burden on the employer at this stage "is one of production, not persuasion; it 'can involve no credibility assessment.'"  Id. (quoting St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2748 (1993)).  If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive alternative).  Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

---

[4] "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." Sandstad v. C.B. Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002).

6

If the plaintiff "demonstrates that [his protected characteristic] was a motivating factor in the [employer's decision to terminate him], it then falls to the [employer] to prove 'that the same adverse employment decision would have been made regardless of discriminatory animus.'" Id. (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1217 (5th Cir. 1995)).  If the employer fails to carry this burden, the plaintiff prevails.  Id.

Beckvar offers no proof of sex discrimination in response to Home Depot's motion for summary judgment, and focuses wholly upon his retaliation claim.  Under such circumstances, courts have treated an undefended claim as abandoned.  See Scales v. Slater, 181 F.3d 703, 708 n.5 (5th Cir. 1999) (noting that plaintiff abandoned her disparate impact claim in district court when she neither contested defendant's arguments for dismissal of that claim nor suggested that her statistical evidence demonstrated pretext); Thompson v. ExxonMobil Corp., 344 F. Supp. 2d 971, 977 (E.D. Tex. 2004) (holding that when defendant fully briefed all of plaintiffs' claims on summary judgment--and plaintiffs only responded on two claims--plaintiffs were deemed to have abandoned their remaining claims).

Even if Beckvar did make a prima facie case, however, Home Depot has articulated a legitimate non-discriminatory reason for his non-promotion: Beckvar was not recommended for promotion because there were other candidates considered better qualified.

*See* Document No. 43, at 4; Manning v. Chevron Chem. Co. LLC, 332 F.3d 874, 881-82 (5th Cir. 2003) (holding that employer's statement that it chose the "best qualified" candidate was a legitimate, non-discriminatory justification for failure to promote plaintiff). The uncontroverted summary judgment evidence is that at the time the District Manager position became available in mid-2002, DeZayas, who was Beckvar's District Manager at the time, believed that Beckvar needed to grow in his position as Store Manager--to pay more attention to detail, walk the store more, get more involved in operations, reduce "shrink" to below one percent, and develop a "sales plan." *See* Document No. 44 ex. C, at 150-53. Thus, DeZayas did not consider Beckvar promotable in mid-2002. *See* id. In fact, DeZayas did not recommend any of the Store Managers under his supervision for promotions in June, 2002. *See* id. ex. D ¶¶ 1-3.

Moreover, notwithstanding Beckvar's allegation that he was better qualified than Jennings, the uncontroverted summary judgment evidence is that Jennings had received a higher rating than Beckvar on her performance review, had performed to an "outstanding" degree in managing a high volume store, and, unlike Beckvar, had been selected as "Store Manager of the Year." *See* Document No. 44 ex. A ¶ 15; ex. E ¶¶ 5-6. Home Depot ultimately selected Jennings based on her performance, strong evaluations, "superior shrinkage rating," and "Store Manager of the Year" award. *See* id. The other

female candidate, Stankevitz, had also received a higher rating on her performance review than Beckvar, and was promoted to Regional Installation Manager in July, 2002--a position that Beckvar does not allege he sought or was qualified for. *See* id. ex. A ¶¶ 17-18. Furthermore, a *male* candidate for the District Manager opening, Dave Cowart ("Cowart"), had likewise received a higher performance rating that Beckvar, and was promoted to a different District Manager position in June, 2002. *See* id. ex. A ¶ 16, ex. E ¶ 7.[5]

Beckvar makes no attempt to demonstrate that Home Depot's proffered reason is pretextual, or that its decision was otherwise motivated by Beckvar's sex. Accordingly, Home Depot is entitled to summary judgment on Beckvar's sex discrimination claim.

B.  Retaliation

Title VII declares it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

---

[5] Under Patrick v. Ridge, 394 F.3d 311, 318 (5th Cir. 2004), "an employer who offers the relative qualifications of the applicants as its legitimate, nondiscriminatory reason must show that, at the time it made the decision adverse to the complaining applicant, it already knew that the ultimately selected individual's qualifications were superior." Given Home Depot's awareness of the applicants' performance review ratings in the instant case, Home Depot easily meets this requirement.

9

42 U.S.C. § 2000e-3(a). As Beckvar presents no direct evidence of retaliation, he must, as with his sex discrimination claim, proceed under the McDonnell Douglas burden shifting scheme. *See* Septimus v. Univ. of Houston, 399 F.3d 601, 607-09 (5th Cir. 2005); Fabela v. Socorro Indep. Sch. Dist., 329 F.3d 409, 414-15 (5th Cir. 2003). That is, if Beckvar makes a prima facie case of retaliation, the burden shifts to Home Depot to articulate a legitimate, non-retaliatory reason for its employment action. *See* Septimus, 399 F.3d at 607. If Home Depot carries its burden of production, Beckvar must then establish that Home Depot's permissible reason is actually a pretext for retaliation. *See* id.[6]

To make a prima facie case of retaliation, Beckvar must show (1) that he engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action.

Home Depot's Employee Handbook, which Beckvar acknowledged that he had received and was required to keep current on, prohibits unlawful discrimination, and establishes, *inter alia*, an "Open Door Policy" encouraging each employee to voice any "concerns, problems,

---

[6] Beckvar argues that under Desert Palace, Inc. v. Costa, 123 S. Ct. 2148 (2003), and Rachid, he may also meet his ultimate burden by showing that his protected activity was a "motivating factor" in the termination of his employment. However, the factual arguments Beckvar presents in opposition to summary judgment are based on a claim of pretext and not a motivating factor theory. *Cf.* Septimus, 399 F.3d at 607 n.7 (holding that where case was litigated and tried as a "pretext" rather than a "mixed-motive" retaliation case, the implications of Desert Palace and Rachid need not be addressed).

observations, or suggestions" to his or her supervisor. *See* Document No. 40 ex. A ex. 1, at 10-11; No. 44 ex. A ¶ 5; ex. B, at 78-81.[7] Beckvar contends that he engaged in protected activity by complaining to DeZayas of sex discrimination during his (Beckvar's) performance review. *See* Document No. 44 ex. B, at 108-09. Beckvar recalls that:

> I discussed with [DeZayas] about how the company is always pushing female promotions, and how we had went to a meeting with all the store managers and the head of HR and the president of the division, and how they had met their quota for females ahead of time, per se the lawsuit from California, and I told him that it would be reverse discrimination to be interviewing females that have only been in that position a year or less, when I've been out there 10 years and wasn't, as far as I know, even considered or asked about the positions or openings.

Document No. 44 ex. B, at 49-50. DeZayas also recalls a similar conversation, although he disputes that Beckvar actually used the term "discriminate" or "discrimination." *See* Document No. 49 ex. B, at 136-37, 168-69.[8] Home Depot argues that Beckvar's recollection, even if accurate, details a "one-time, casual

---

[7] The Employee Handbook expressly prohibits "retaliation against any associate who reports discrimination or otherwise opposes discrimination, including using our Open Door Policy." Document No. 40 ex. A. ex. 1, at 9.

[8] To engage in protected activity by "opposing" an unlawful employment practice, the opposing party's belief that the employer was engaged in an unlawful employment practice must be objectively reasonable. *See* Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427-28 (5th Cir. 2000). Home Depot does not assert this issue, however, as grounds for granting summary judgment. *See* Document No. 53, at 6 n.2.

comment" that is too vague to constitute protected activity. Moreover, Home Depot contends, Beckvar cannot show a causal connection between the comments and his termination.

An informal oral complaint may constitute protected activity. *See* Pipkins v. City of Temple Terrace, Florida, 267 F.3d 1197, 1201 (11th Cir. 2001); O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1255 (10th Cir. 2001) ("Informal complaints to superiors constitute protected activity."); Matima v. Celli, 228 F.3d 68, 78-79 (2d Cir. 2000); Cusack v. Trans-Global Solutions, Inc., 222 F. Supp. 2d 834, 841-42 (S.D. Tex. 2002) (Rainey, J.) (commenting that in the Title VII context, "informal complaints to an employer or administrative agency can form the basis of a valid retaliation claim"). At the same time, however, "[v]agueness as to the nature of the grievance . . . prevents a protest from qualifying as a protected activity." Dupont-Lauren v. Schneider (USA), Inc., 994 F. Supp. 802, 823 (S.D. Tex. 1998); *cf.* Spinks v. Trugreen Landcare, L.L.C., 322 F. Supp. 2d 784, 797 (S.D. Tex. 2004) (Gilmore, J.) ("A vague charge of discrimination will not invoke protection under the [Texas Commission on Human Rights Act]."); Baker v. Union Pac. R.R. Co., 145 F. Supp. 2d 837, 844 (S.D. Tex. 2001)(Atlas, J.) ("To qualify as protected activity, the complaints must relate clearly to discrimination covered by Title VII.").

When viewed in a light most favorable to Beckvar, his claimed complaint to DeZayas about sex-based discrimination is protected

activity under Title VII.  Moreover, given Beckvar's summary judgment evidence that he was terminated within a few weeks after making his complaint and that DeZayas was at least in some manner involved in that termination decision, again—viewed in a light most favorable to Beckvar—he has raised a genuine issue of material fact that his termination was either in whole or in part in retaliation for his engagement in protected activity.  "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation."  Swanson v. Gen. Servs. Admin, 110 F.3d 1180, 1188 (5th Cir. 1997); Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001)(same).  Even though DeZayas was not the ultimate decisionmaker with respect to Beckvar's termination, "the discriminatory animus of a manager can be imputed to the ultimate decisionmaker if the decisionmaker 'acted as a rubber stamp, or the "cat's paw," for the subordinate employee's prejudice.'"  Laxton v. Gap Inc., 333 F.3d 572, 584 (5th Cir. 2003) (quoting Russell v. McKinney Hosp. Venture, 235 F.3d 219, 227 (5th Cir. 2000)).

    Home Depot has articulated a legitimate, non-retaliatory, and significant reason for Beckvar's termination, namely, Beckvar's unauthorized allowance of a 10% markdown on $36,000 in sales he made to a former Home Depot employee.  Nonetheless, Beckvar in his summary judgment evidence, when viewed in a light most favorable to Beckvar, has shown certain inconsistencies and raised certain fact

13

issues about the execution of Home Depot's discount policy that raise a genuine issue of material fact on whether Home Depot's proffered reason for Beckvar's termination is the "real reason." Accordingly, Home Depot's motion for summary judgment on Beckvar's retaliation claim will be denied.

## IV.  Order

For the reasons set forth, it is hereby

ORDERED that Defendants Home Depot U.S.A., Inc.'s and The Home Depot, Inc.'s Motion for Summary Judgment (Document No. 43) is GRANTED IN PART, and Plaintiff Steven Beckvar's sex discrimination claim against Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. is DISMISSED on the merits.  This and all other claims against The Home Depot, Inc., which was not Beckvar's employer, are DISMISSED.  Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment is otherwise DENIED, however, and Plaintiff Steven Beckvar's retaliation claim against that Defendant remains for trial.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 18th day of April, 2005.

*[signature]*
Ewing Werlein, Jr.
United States District Judge